UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE ALEXANDER ALVARADO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. 6:08-cv-1801-Orl-28GJK
(6:06-cr-39-Orl-28GJK)

## ORDER

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 8) filed by Lawrence Alexander Alvarado. The Government filed a response (Doc. No. 11) to the section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a reply and supplemental replies to the Government's response (Doc. Nos. 13, 14, & 15).

Petitioner alleges three claims for relief: (1) counsel rendered ineffective assistance by failing to object to the use of his state convictions for burglary and sale of cocaine for application of the Armed Career Criminal Act ("ACCA") pursuant to 18 U.S.C. § 924(e); (2) appellate counsel rendered ineffective assistance for failing to file a reply brief addressing the Government's contention in relation to the predicate drug offenses used for application of the ACCA; and (3) counsel rendered ineffective assistance by failing to challenge the district court's jurisdiction. For the following reasons, Petitioner's § 2255 motion is denied.

*I. Procedural History*

Petitioner was charged by indictment with unlawfully possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), (e)(1). (Criminal Case No. 6:06-cr-39-Orl-28GJK, Doc. No. 1).[1] On October 2, 2006, Petitioner entered a plea of guilty before Magistrate Judge James G. Glazebrook. (Criminal Case Doc. No. 56.) Magistrate Judge Glazebrook filed a Report and Recommendation, recommending that the plea be accepted and that Petitioner be adjudicated guilty (Criminal Case Doc. No. 49). This Court accepted the plea and adjudicated Petitioner guilty (Criminal Case Doc. No. 52). A sentencing hearing was conducted, and on March 9, 2007, the Court entered a Judgment in a Criminal Case, sentencing Petitioner to a 218-month term of imprisonment to be followed by four years of supervised release (Criminal Case Doc. No. 86).

Petitioner appealed his conviction and sentence. The Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. (Criminal Case Doc. No. 108).

*II. Legal Standard*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice

---

[1]Criminal Case No. 6:06-cr-39-Orl-28GJK will be referred to as "Criminal Case."

requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

3

## III. Analysis

### A. Claims One and Two

Petitioner asserts that counsel rendered ineffective assistance by failing to object to the use of his state convictions for burglary and sale of cocaine in order to qualify him for application of the ACCA pursuant to 18 U.S.C. § 924(e) (claim one). Similarly, in claim two, Petitioner contends that appellate counsel rendered ineffective assistance by failing to file a reply brief addressing the Court's use of his predicate drug offenses to support the application of the ACCA to his sentence. In support of these claims, Petitioner contends that his three convictions for sale of cocaine pursuant to § 893.13(1)(a), Florida Statutes, and his conviction for burglary pursuant to § 810.02, Florida Statutes, were not proven to qualify as either serious drug offenses or a prior violent felony so as to warrant application of § 924(e). The ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Petitioner was convicted in 1997 and in 2001 pursuant to § 893.13(1)(a), which made it "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." According to § 893.13(1)(a)(1), when the controlled substance involved is named or described in § 893.03(2)(a), Florida Statutes, the defendant commits a second-degree felony, which is punishable by a maximum term of imprisonment of 15 years. § 775.082(3)(c), Fla. Stat.

4

In *United States v. Adams*, 2010 WL 1461567, at *4-5 (11th Cir. 2010), the Eleventh Circuit considered the same argument offered by Petitioner concerning the use of drug convictions under § 893.13(1)(a), Florida Statutes, as predicate offenses for application of the ACCA. The *Adams* Court rejected the defendant's contention that such convictions were not serious drug offenses. *Id.* at *5 ("We find that [the defendant's] Florida conviction under § 893.13(1)(a)1 is adequately related to § 924(e)(2)(A)(ii) such that it should be considered a serious drug felony. . . . The district court did not err in using [the defendant's] Florida drug conviction as a predicate under the ACCA."). Thus, Petitioner has not demonstrated that counsel was deficient for failing to object to the use of Petitioner's three state convictions pursuant to § 893.13(1)(a), Florida Statutes, or that he was prejudiced by counsel's failure to do so.

Similarly, Petitioner has not established that counsel was ineffective for failing to object to the use of his state conviction for burglary as a predicate offense. The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that . . . "is burglary, arson, or extortion. . . ." 18 U.S.C. § 924(e)(2)(B). Petitioner was convicted of burglary pursuant to § 810.02, Florida Statutes, which defines burglary as "entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain[,]" and the offense is punishable with a maximum fifteen-year term of imprisonment when there is no assault or battery committed. § 810.02, Fla. Stat. (2000); § 775.082(3)(c), Fla. Stat. (2000). In *Adams*, the

Eleventh Circuit held that a "Florida burglary conviction qualifies as a 'generic burglary,' and thus is a qualifying 'violent felony' under the ACCA." *Adams*, 2010 WL 1461567 at *5-6. Therefore, Petitioner has not demonstrated that counsel was deficient for failing to object to the use of his state burglary conviction pursuant to § 810.02, Florida Statutes, or that he was prejudiced by counsel's failure to do so.

Likewise, for these same reasons, appellate counsel was not ineffective for failing to file a reply brief addressing the arguments raised by Petitioner in claim one concerning the predicate offenses used for application of the ACCA. Appellate counsel need not brief issues reasonably considered to be without merit. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). Accordingly, claims one and two are denied.

### B. Claim Three

Petitioner asserts that counsel rendered ineffective assistance by failing to argue that this Court lacked jurisdiction to prosecute Petitioner pursuant to Article III of the United States Constitution. The Court finds that claim three is clearly without merit. Petitioner was charged with a criminal violation of federal law pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). District courts of the United States have original jurisdiction "of all offenses against the laws of the United States." 18 U.S.C. § 3231. Moreover, "the federal courts are always open to entertain suits by the federal government on its own behalf." *Hickey v. Illinois Cent. R. R.*, 278 F.2d 529, 532 (7th Cir. 1960). Thus, this Court had jurisdiction over Petitioner's case. Accordingly, this claim three is denied, and counsel was not deficient for failing to raise this argument.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Petitioner's amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 8, filed February 17, 2009) is **DENIED**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:06-cr-39-Orl-28GJK and to terminate the amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 112) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[2] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 27 day of April, 2010.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.

Copies to:
sc 4/27
Lawrence Alexander Alvarado
Counsel of Record